ASA PACKARD *vs.* CITY OF NEW BEDFORD.

ı., in an action against a town to recover damages for an injury sustained by reason of a defective highway, the alleged defect consists in a gutter running obliquely across the highway, it is competent for the defendants to show, upon the question of ordinary care, that a great many gutters equally deep crossed the streets in the same manner, in the same town or the towns near it.

A new trial will not be granted on account of the admission or exclusion of evidence which appears to have been so indefinite and immaterial that the admission or exclusion of it wou.d not affect the verdict.

TORT to recover damages for an injury sustained by reason of a defective highway.   The answer denied that the highway was defective, and that the plaintiff exercised due care.

At the trial in this court, before *Chapman*, J., it appeared tha'

the way in question made a curve and continued up a hill; and that at the bottom of the hill, and in the curve, a paved gutter ran across the way, so that the usual travel would cross the gutter obliquely. While the plaintiff was driving upon the road, and turning round the curve to go up the hill, his wagon was strained so as to break the king-bolt, and the body of the wagon was thrown upon the ground, and the plaintiff received a severe injury.

There was evidence tending to show that the superintendent of streets ordered the gutter to be made seven feet in width and six inches deep in the middle, the sides being curving. The plaintiff produced evidence tending to show that it was of less width and greater depth. The defendants' counsel called a witness who had been employed by the city in making the gutter, and asked him, " Do you know, in New Bedford or the towns near it, gutters crossing the street with a depression as great as this ? " He answered that he did, and that a great many gutters crossed the streets in the same way. This evidence was admitted under exception ; and the judge instructed the jury, in regard to it, that it had no tendency to prove that the road was safe and convenient; that its only bearing was on the question whether the plaintiff used due care; that if such gutters were common, he was bound to exercise ordinary care adapted to the existing state of things ; but, as he had stated in his testimony that he was in the habit of travelling over this gutter frequently and knew of its existence, they must judge whether the existence of other similar gutters in the highways was material in this case.

It appeared that one Hicks, who was not a witness, had the charge of constructing the gutter, under the direction of the city authorities. One of the laborers who assisted him was called as a witness, and testified that in his judgment the gutter was made seven feet in width and six inches deep in the centre, and that Hicks measured it as they were making it, and the witness held one end of the line. On cross-examination, he stated that he did not know what the measurement was, and did not notice whether Hicks had a rule. The plaintiff's counse.

requested the court to rule that, there being conflicting evidence respecting the width of the gutter, the mere fact of this measurement, the result of the measurement not being shown, was not evidence tending to show that the gutter was of the width ordered by the superintendent. But the judge refused so to rule; and instructed the jury that, as there was evidence tend ing to show that the gutter was ordered to be made seven feet in width, and that the person who constructed it made an actual measurement while he was at work, they might consider that evidence as bearing on the question, though the witness who testified to the measurement was not able to state what the measurement was; and it was for them to judge what weight the fact was entitled to, if any.

The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*T. D. Eliot & T. M. Stetson*, for the plaintiff.

*C. I. Reed*, for the defendants.

METCALF, J. As evidence respecting the use of ordinary care by the plaintiff, the case of *Raymond* v. *Lowell*, 6 Cush. 524, is decisive that the defendants were rightly allowed to put the question to a witness, and receive his answer, whether he knew, "in New Bedford or the towns near it, gutters crossing the streets with a depression as great" as that in the gutter where the plaintiff was injured. Probably the plaintiff's knowledge of the condition of that gutter made the testimony of the witness useless, but it did not make it incompetent. The instruction of the court concerning this evidence was as favorable to the plaintiff as was consistent with its admission.

The testimony as to the measurement of the gutter, by him who superintended its construction, was so feeble and immaterial, that neither an exception to its admission, nor to its exclusion, would justify the setting aside of a verdict.

*Exceptions overruled.*